[842 NYS2d 496]

In the Matter of JACK MARTIN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 18, 2007

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn, for petitioner.

*Jack Martin*, Brooklyn, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated November

8, 2006, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i) upon a finding that he was guilty of professional misconduct immediately threatening the public interest in that he failed to submit written answers and/or to supply information to three separate complaints, and failed to comply with lawful demands of the Grievance Committee made in connection with the investigation. In the course of that order, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent, the issues raised were referred to the Honorable Herbert Altman, as Special Referee to hear and report, and the respondent was directed to serve an answer upon the Grievance Committee and the Special Referee within 20 days after service upon him of a copy of that decision and order on motion, and to file the original answer in the office of the Clerk of the Court.

The Grievance Committee moves to impose discipline upon the respondent based upon his failure to file an answer to the petition within 20 days of his receipt, deem the charges against him to be established, and to strike his name from the roll of attorneys and counselors-at-law.

On December 5, 2006, the Grievance Committee served the respondent, pursuant to his written authorization waiving personal service, by regular mail and certified mail, return receipt requested, with the notice of petition, the petition, and a copy of the November 8, 2006, decision and order on motion.

The respondent failed to timely serve a copy of his answer on the Grievance Committee or the Special Referee, respond in any way to the petition, or seek an extension of time to answer.

Thereafter, by letter to the Grievance Committee dated January 22, 2007, the respondent requested an additional month to submit written answers to the underlying complaints against him. No further communication was received from the respondent.

On May 8, 2007, the respondent was served by regular mail and certified mail, return receipt requested, with a copy of the Grievance Committee's notice of motion for a default judgment, returnable on May 25, 2007.

On June 6, 2007, the respondent filed an affidavit in opposition to the Grievance Committee's motion for a default judgment.

We note that the respondent has repeatedly failed to timely respond to the Grievance Committee's lawful requests and cooperate with its investigation in the underlying matters. Notwithstanding this Court's directive that he serve an answer to the petition within 20 days after service upon him of a copy of the November 8, 2006, decision and order on motion, the respondent again failed to timely serve a copy of his answer on the Grievance Committee or on the Special Referee, or to respond in any way to the petition, or to seek an extension of time to answer.

The November 8, 2006, decision and order on motion expressly states that "within 20 days after service upon him of a copy of the petition, the respondent shall serve an answer upon the petitioner and the Special Referee and shall file a copy of the same in the office of the Clerk of this Court." The respondent did not comply.

Accordingly, the Grievance Committee's motion is granted, the charges in the petition are deemed established and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and RIVERA, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jack Martin, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Jack Martin, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Jack Martin, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Jack Martin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).